# BALTIMORE CITY COURT.

Filed March 30, 1928.

HARRY APPLESTEIN, ET AL.,
VS.
THE MAYOR AND CITY COUNCIL OF BALTIMORE, ET AL.

*Wirt A. Duvall, Jr.,* and *William H. Maynard* for petitioners.

*City Solicitor A. Walter Kraus* and *Assistant City Solicitor Lindsay C. Spencer* for Mayor and City Council of Baltimore.

SOLTER, J. (Orally)—

(By the Court) Gentlemen, I am ready to decide this case now. On the question of jurisdiction it seems to me that there ought not to be very much difficulty. The Courts are always open to review any action of a board such as this, upon definite allegations that the action is arbitrary or unreasonable.

The Zoning Board's jurisdiction, its powers and its discretion are very limited. If it exceeds and fails to regard those limits, the aggrieved property owner has the right to come into this Court for relief.

With reference to the objections and prayer for relief, my opinion is that a reasonable construction should be put upon it, which is to the effect that it prays a mandamus to any proper official or board of the Mayor and City Council to grant a final permit for the uses set forth in the petition. This disposes of the pleadings after a consideration of all the evidence before me.

As to the merits of the case, I can not decide that the Board of Zoning Appeals acted in an unfair or arbitrary or an unreasonable manner. I have

decided in a prior case that the Zoning Board of Appeals has not the right to refuse a permit for a store in a brick and mortar neighborhood. Whenever it attempts to act in the exercise of its power and discretion, and does a wrongful thing under the guise of looking out for the public safety, I think it ought to be promptly checked by the Court. But I do not feel in this case from the evidence it has done any such thing.

My opinion is that the members of the board made an honest effort to do justice to the situation. And I think, upon a consideration of all the facts here established, that I might have reached the same conclusion that they did; that to put any stores in this particular neighborhood with the fire apparatus at a distance, and the water supply somewhat inadequate, would be to substantially increase the risk of fire to the surrounding property.

Then, when you consider the testimony of the president of the Fire Board, who has his membership upon the board by the very terms of the so-called Zoning Ordinance, because of his office—(I say "so-called" for it is a misnomer and I prefer to adopt the phrase "Safety Act," for such it is, if it means anything at all)—the Court must realize that he is the official charged with the duty of protecting the city from fire. He is willing to swear, under oath, that he considered the use for stores a hazard and a danger, and this is manifestly something for the Court seriously to consider. Every member seems to have thought out this question of the danger from fire.

Now, of course, we are apt to weigh our personal experiences against this testimony. My own personal experience is that I lived in a neighborhood for very many years where there were stores at every corner and we never heard of any fires; and we do not generally regard stores as, in any sense, dangerous from the standpoint of fire. But I do not know that that is the judicial way to look at it. It is the way that I would look at it, based upon my experience, but it may be that I have not been as careful an observer as I should have been; that perhaps my interests have not been aroused in that direction.

As before stated, when the chairman of the Board of Fire Commissioners says here under oath that this building is a menace from fire, I think that any Court ought to accept that statement.

From the standpoint of public health, I must say that, while I have the greatest regard and admiration for Doctor Jones, and I think he is thoroughly sincere in his contention that, while there are some things about stores that are dangerous from the standpoint of public health, that they are merely potentially dangerous, as he well expressed it. I do not think from his testimony there would exist any substantial danger to the public health.

Finally, on the question of clean hands, I have always understood that this doctrine related itself to the action of one of the parties toward the other. This is a controversy that has been hanging fire for a great many years, and the same parties are here who were on the case from the beginning. The complaint of the relator in this case is that he has been deprived of proper permission to use this location for a store. He started about two years ago to obtain the permission, and, when he found that he could not get it, he began to adopt underhand methods. This began as soon as he lost his first appeal in the Baltimore City Court.

Incidentally, the Zoning Board had a right to feel fortified in its position by the upholding of its action by the City Court of Baltimore City. I feel that appeal and what it decided is something I ought also to take into consideration, although, of course, I do not make it the basis of my own decision.

But to come back to the question of clean hands again. You have the same parties right straight through from the beginning of the controversy to the present time, and the relator has always been trying to get the same action from the Mayor and City Council. He has been contesting the attitude of the Mayor and City Council for two years, and a part of that time he has been trying to accomplish his purpose by trickery and subterfuge. Now, he comes into Court again and asks that action in his behalf be taken against the person whom he has been acting fraudulently toward. I think that is just where the doctrine of clean hands comes in. It is the duty of the Court, it seems to me, to remain passive.

The various motions to exclude evidence will be overruled. The testimony was offered for the purpose of

showing that at the time of the action by the Board of Zoning Appeals it had a very full and complete knowledge of the entire history of this matter from its inception; and also, for the purpose of showing that the plaintiff in this case has not been acting honestly with the Mayor and City Council in this matter. The evidence is competent and relevant for these purposes.

For the reasons I have mentioned the petition will be dismissed.